## Case No. 4,355.

### The ELIZABETH AND JANE.

[2 Mason, 407.] [2]

Circuit Court, D. Massachusetts. May Term, 1822.

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]
[2] [Reported by William P. Mason, Esq.]

Merrill & Hubbard, for claimant.

G. Blake, Dist. Atty., for the United States.

STORY, Circuit Justice. It is clear from the evidence in the case, that a quantity of tortoise shell of about $120 in value, and several bags of dollars were landed from the schooner without a permit; and as no account is offered of the number of dollars by the claimant, whose property they were, and under whose authority they were landed, there is no reason to doubt, that they, together with the tortoise shell, exceeded the value necessary by the statute to inflict a forfeiture upon the vessel. The only question is, whether the dollars are "goods, wares, and merchandize" within the prohibitory clause of the statute, those being the descriptive words of the enactment. It has been often asserted in this court, that the clause is not confined to goods, &c. liable to duties; but extends to all goods, &c. whether taxed or free.

It cannot be doubted, that money, and of course foreign coin, falls within the description of "goods" at common law; and a legacy of "goods," would ex vi termini carry money, or coin, unless that construction were repelled by the context. And coin, dollars and bullion are considered in commercial transactions as "goods and merchandize," and may be insured as such in a policy of insurance. 1 Marsh. Ins. bk. 1, c. 8, § 3; Da Costa v. Firth, 4 Burrows, 1966; Wesk. Ins. tit. "Goods," § 3; Roccus. Ins. note 17; Id. note 67. In point of fact, too, dollars are often imported as "wares and merchandize," that is to say, as property, not to pass merely as currency, but to be bought and sold as a marketable commodity at varying prices. Unless, therefore, there is something in the context of the statute from which it can be inferred that the legislature did not use the words in their ordinary import, I think I am bound to interpret them in that sense. Nothing of this nature has been attempted to be shown in the argument; and it is not for the court to act upon mere private conjecture. If the practice had uniformly been to allow the landing of dollars without an entry and permit at the custom house, that practice would have gone a great way towards giving a narrower construction to the act. But no general practice to this effect has prevailed; and of late years the custom house officers are understood uniformly to require an entry and permit. And there seems sound reason for the requisition. The leading object of the legislature was to suppress smuggling; and it is easy to perceive, that there is just as much danger of imposition and fraud in allowing a portion of the cargo consisting of dollars to be removed without the inspection and direction of the officers of the customs, as any other goods not liable to duties. I feel myself constrained therefore to adhere to the letter of the statute, and to pronounce that the forfeiture is established in evidence.

The decree of the district court is affirmed with costs.